# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIAL AYAZ;<br>SADIA SHAFIQ,<br>   35 Charles Drive, Apt. G<br>   Manchester, CT 06040<br><br>         Plaintiff<br><br>v.<br><br>BENJAMINE HUFFMAN, in his official capacity, Acting Secretary, U.S. Department of Homeland Security;<br>JENNIFER B. HIGGINS, in her official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>TED H. KIM, in his official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services,<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>JAMES R. MCHENRY III, Acting Attorney General, Office of Attorney General U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>         Defendant(s). | Civil Action No: 1:25-cv-218 |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Non-resident Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COME NOW DANIAL AYAZ, (hereinafter "Plaintiff AYAZ" or collectively "Plaintiffs") and SADIA SHAFIQ (hereinafter "Plaintiff SHAFIQ" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney in the above cause and state as follows:

1. This action is brought because of Defendants' failure to adjudicate Plaintiff AYAZ's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. §1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for over a total of over seven years and nine months (over 93 months or 2861 days) since the date of filing; Defendants have taken over fifteen and a half times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for a total of over seven years and nine months with the United States Citizenship and Immigration Services.

3. Plaintiffs have completed the required biometrics appointment. No further requests for information or evidence have been made by United States Citizenship and Immigration Service ("USCIS") and neither has USCIS scheduled Plaintiffs for their required interview.

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff AYAZ's Application as most, if not all, USCIS Asylum offices are fully operational at this time and are conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate this matter.

## PARTIES

5. Plaintiff DANIAL AYAZ is a citizen of Pakistan and for purposes of the instant action, he is a resident of Hartford County, Connecticut. He is the applicant of a properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZNY1700073790), filed on March 10, 2017, with the United States Citizenship and Immigration Service.

6. Plaintiff SADIA SHAAFIQ is a citizen of Pakistan, and for purposes of the instant action she is a resident of Hartford County, Connecticut. She is the spouse and derivative family member included on Plaintiff AYAZ's Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZNY1700073790), filed on March 10, 2017, with the United States Citizenship and Immigration Service, and is therefore eligible for consideration for the same relief sought.

7. Defendant BENJAMINE HUFFMAN is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant HUFFMAN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8. Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

10. Defendant JAMES R. MCHENRY III is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department

of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13. Plaintiffs have repeatedly requested Defendants to take action on Plaintiff AYAZ's Application.

14. The Plaintiffs has exhausted their administrative remedies. Plaintiffs have supplied USCIS with all information and documentation that establish their eligibility for asylum.

15. Plaintiffs have inquired directly with USCIS, requesting the adjudication of Plaintiff AYAZ's Form I-589 Application, as well as through Congressman Andrew Garbarino's Office, and have made an expedite request, which was denied.

16. There are no further administrative remedies available for Plaintiffs to utilize.

## GENERAL ALLEGATIONS

17. Plaintiff AYAZ and Plaintiff SHAFIQ are citizens of Pakistan. Plaintiff AYAZ properly filed his Form I-589, Application for Asylum and Withholding of Removal with USCIS on March 10, 2017 (Receipt Number: ZNY1700073790) Plaintiff SHAFIQ is the named derivative family member on her spouse's Form I-589, Application for Asylum and Withholding of Removal. **[Exhibit A].**

18. On March 30, 2017, Plaintiff AYAZ and Plaintiff SHAFIQ appeared for and completed their scheduled biometrics appointments at the designated USCIS Application Support Center. **[Exhibit B]**.

19. On January 5, 2023, Plaintiff AYAZ and Plaintiff SHAFIQ submitted two separate requests to USCIS, requesting the expedited adjudication of Plaintiff AYAZ's Form I-589, Application.

20. On January 13, 2023, USCIS responded to Plaintiff SHAFIQ, denying her request to expedite.

21. On January 25, 2023, USCIS responded to Plaintiff AYAZ, denying his request to expedite the adjudication of his Form I-589 Application.

22. Plaintiffs have provided USCIS with documents and information that establish their eligibility for asylum.

23. Since March 2017, following the filing of the Application, and subsequent biometrics appointment, Plaintiffs have made numerous inquiries with USCIS regarding the adjudication of Plaintiff AYAZ's Application.

24. As of the date of this filing, Plaintiffs' inquiries have not amounted to any meaningful responses from USCIS.

25. As of the date of this filing, Plaintiff AYAZ's Application remains unadjudicated for a total period of over seven years and ten months (over 94 months or 2877 days) since the date of filing

and over seven years and nine months (over 93 months or 2857 days) since completion of their biometrics appointment. Given the passage of time, Plaintiffs may likely be required to complete new biometrics appointments.

26. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate Plaintiff's AYAZ's Application.

27. Defendant's delay and inaction is causing irreparable harm to Plaintiffs as they are unable to commence their life in the United States without living in fear of being forced to return to Pakistan, where they will certainly be persecuted, tortured, and/or killed.

28. As a result of Defendant's inaction, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, because of the Defendant's inaction, Plaintiffs have been deprived of the requested immigration relief as asylees, for which they are eligible.

## COUNT I

### VIOLATION OF THE APA

29. All prior paragraphs are re-alleged as if fully stated herein.

30. Plaintiffs have a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

31. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

32. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

33. No other adequate remedy is available to Plaintiffs.

34. Defendants have failed in their statutory duty to adjudicate Plaintiff AYAZ's Application within 180 days.

35. As Plaintiff AYAZ's Application has been pending for over a total of seven years and ten months (over 94 months or 2877 days) since the date of filing; Defendants have taken over fifteen and a half times the maximum statutory period they are given to adjudicate asylum applications.

36. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiffs' due process rights. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff AYAZ's Application.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff AYAZ's Application for a total period of over seven years and ten months (over 94 months or 2877 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiffs' case. Furthermore, Plaintiffs have suffered irreparable harm as a direct consequence of the delay, including mental, emotional, and financial harm.[1]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff AYAZ's Form I-589 Application;

---

[1] It has been over five years since Plaintiff Shafiq has been able to visit her parents, who reside in Sweden. Her mother is currently facing critical health challenges, including mental illness, and her health continues to deteriorate daily due to advanced age. Additionally, Plaintiff Ayaz's father passed away in March 2020, shortly after the birth of Plaintiffs' children and did not have the privilege of meeting his grandchildren. His mother, who has been diabetic for over 20 years, remains in fragile health. Plaintiff Ayaz harbors a deep concern about losing her without having the opportunity to spend meaningful time with her. His mother currently resides in Pakistan, and if Plaintiffs' pending case with USCIS is resolved, including necessary interviews and approvals, Plaintiff Ayaz could travel to a third country to reunite with her. Plaintiffs' children who are nearing their fifth birthday, were born in the United States and are U.S. citizens. They have expressed a desire to meet their grandparents and extended family. However, as their parents, Plaintiff Ayaz and Plaintiff Shafiq, are restricted from international travel, the children are effectively unable to visit their family as well. This situation has placed tremendous emotional and psychological strain on Plaintiffs and Plaintiffs respectfully urge consideration and expedited resolution of their case to facilitate family reunification during these critical times.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff AYAZ's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: January 24, 2025

Respectfully submitted,

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*